IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARLA REZENTES, ) | CIV. NO. 10-00054 SOM/KSC |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART |
| ) | DEFENDANTS' MOTION TO DISMISS |
| vs. ) | COMPLAINT |
| ) | |
| SEARS, ROEBUCK & CO., a ) | |
| Foreign Profit Corporation; ) | |
| MICHAEL COX, Individually; ) | |
| JANE DOES 1-10; DOE ) | |
| PARTNERSHIPS 1-20; DOE ) | |
| CORPORATIONS 1-20; DOE "NON- ) | |
| PROFIT" CORPORATIONS 1-20; ) | |
| and DOE GOVERNMENTAL ENTITIES ) | |
| 1-20, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT

I.      INTRODUCTION.

Plaintiff Carla Rezentes ("Rezentes"), worked for Sears, Roebuck and Company ("Sears") as a Loss Prevention Agent for about six months before she was fired.  Rezentes sues Sears and her supervisor Michael Cox ("Cox"), complaining that Sears illegally discriminated against her because of her sex, and that Cox caused her severe emotional distress.  Sears and Cox move to dismiss Rezentes' Complaint.  This court grants the motion in part.

II.     STANDARD OF REVIEW.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  Sprewell v. Golden State Warriors,

266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir.1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.  See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988.

To withstand a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible

on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009). Although the court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Nor must the court "accept as true a legal conclusion couched as a factual allegation."  Id. (quoting Twombly, 550 U.S. at 555).

III.    BACKGROUND.

Rezentes says that, in July 2007, she was hired as a Loss Prevention Agent to work at the Sears Ala Moana store. Compl. ¶¶ 9-10.  Rezentes states that she was the only female Loss Prevention Agent assigned to the store.  Id. ¶ 10.  After Rezentes had worked at Sears for some time, Michael Cox became her supervisor.  Id. ¶ 11.  According to Rezentes, Cox "discriminat[ed] against her due to her gender in job assignments, [and] performance comments and . . . treat[ed] [Rezentes] differently than the male agents."  Id. ¶ 11.

On November 9, 2007, at about 2:30 p.m., Rezentes was assigned to assist in a shoplifting case.  Id. ¶¶ 12, 13.  She says that she followed a suspected shoplifter out of the store,

3

caught up with him, and moved in front of him to block his path. Id. ¶¶ 14, 15.  According to Rezentes, the suspect tried to run away "immediately after" Rezentes identified herself as a security official.  Id. ¶¶ 15-17.  Rezentes says that she tried to catch the suspect, but that the suspect initiated an attack, grabbing her "right upper arm and attempt[ing] to throw her to the ground."  Id. ¶ 17.  Rezentes landed on her right knee.  Id. Another Loss Prevention Agent arrived at the scene and took control of the suspect.  Id. ¶ 18.  Rezentes says that she suffered injuries from the scuffle and was unable to work for some time as a result.  Id. ¶ 19.

At some point after the incident but before she returned to work, Rezentes and her coworker wrote reports describing the incident.  Id. ¶¶ 23, 24.  Both reports explained that the suspect had initiated physical contact with Rezentes. Id. ¶ 24.

Rezentes says that, after she returned to work on January 2, 2008, she experienced "tension and harassment" from Cox, who commented that he had "broken many bones and never sued anyone."  Id. ¶¶ 20, 21.  On January 31, 2008, Sears fired Rezentes.  Id. ¶ 22.  Rezentes was told that she was being fired for having lied about the shoplifting incident.  Id. ¶ 22. Apparently, her report conflicted with a surveillance tape of the incident.  Id. ¶ 23.  However, Rezentes says her partner was not

4

disciplined for his actions on the day of the incident or for the allegations in his report.  Id. ¶ 25.

On November 6, 2008, Rezentes filed a charge with the Equal Employment Opportunity Commission, complaining of sexual harassment.  Id. ¶ 3.  The EEOC issued her a Right-To-Sue letter on February 8, 2010.

On January 28, 2010, Rezentes sued Sears and Cox. Rezentes originally asserted seven counts in her Complaint.  She has withdrawn Count III, negligent infliction of emotional distress, Count V, a tort claim against Sears, and Count VI, tortious interference with prospective economic advantage against Cox.  She now has four counts.  In Count I, she says that Sears has violated Title VII by discriminating against her based on her sex and by creating a hostile work environment.[1]  In Count II, she contends that Sears has discriminated against her on the basis of her sex in violation of chapters 368 and 378 of the Hawaii Revised Statutes.  In Count IV, she posits that Sears and Cox engaged in wilful, wanton, and reckless misconduct when they fired her, causing her severe emotional distress.  In Count VII, Rezentes asserts a punitive damages claim.

Although Sears and Cox initially moved to dismiss the Complaint or, in the alternative, for summary judgment, they have

---

[1] Rezentes originally asserted Counts I and II against both Defendants.  In her opposition, she withdraws these claims against Cox.

withdrawn their alternative motion for summary judgment. Sears now argues that Rezentes's remaining claims are insufficient.

IV.        ANALYSIS.

     A.        Count I (Title VII) and Count II (Chapters 368 and 378).

Rezentes says that Sears discriminated against her because of her sex in violation of Title VII and chapters 368 and 378 of the Hawaii Revised Statutes, by firing her and creating a hostile work environment. Compl. ¶¶ 11, 25, 29, 35. As she puts it, "the continuous and repeated sexual discrimination and harassment and humiliation inflicted upon Plaintiff reflects a pattern and practice of sexual discrimination and created an intimidating, hostile, and offensive work environment." Id. ¶ 35. Sears challenges the sufficiency of Rezentes's discrimination claims, arguing that Rezentes has not stated a prima facie case of disparate treatment discrimination.

         1.        Right-To-Sue Letter and Title VII

This court notes that Rezentes alleged in her Complaint that she had not received a Right-To-Sue letter from the Equal Employment Opportunity Commission. Compl. ¶ 3. That is not fatal to her claim, as she received a Right-To-Sue letter from the EEOC on February 8, 2010. Having said that, this court recognizes that, in another case decided in this district by a different judge, a plaintiff who had not received a Right-To-Sue letter before filing suit was not allowed to proceed with a Title

VII claim. See Ghao v. Hawaii Dep't of Atty. Gen., 2009 WL 2849140, at *7 (D. Haw. 2009) ("For this Court to have subject matter jurisdiction over an employment discrimination claim brought under Title VII, the plaintiff must have first exhausted his administrative remedies by timely filing a charge with the EEOC and obtaining a right-to-sue letter."). However, the Ninth Circuit has held that the "failure to obtain a federal Right-To-Sue letter does not preclude federal jurisdiction." Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008). Of course, even when a court has jurisdiction, the "general requirement of a federal Right-To-Sue letter remains." Id. at 1105.

A plaintiff may file suit before receiving a Right-To-Sue letter when the plaintiff's premature filing did not interfere with administrative matters, and the defendant is not prejudiced. See Edwards v. Occidential Chem. Corp., 892 F.2d 1442, 1445 n.1 (9th Cir. 1990) ("A Title VII complainant may file an action prior to receiving her right to sue letter, provided there is not evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing"); see also Wilson-Combs v. California Dep't of Consumer Affairs, 555 F. Supp. 2d 1110, 1113 n.2 (E.D. Cal. 2008) (allowing the plaintiff's action, filed about four months before the EEOC issued a Right-To-Sue letter,

as there was no evidence that the filing precluded the performance of administrative duties, and the subsequent issuance satisfied the precondition that a plaintiff obtain statutory notice of the right before filing actions under Title VII); Salfingere v. Latex, 971 F. Supp. 1308, 1310 (D. Ariz. 1997) (allowing the plaintiff's action, filed two months before receipt of a Right-To-Sue letter, as the defendant showed no prejudice).

A plaintiff may also file suit before receiving a Right-To-Sue letter if she is entitled to such a letter.  A plaintiff is entitled to a letter if the EEOC fails to take action within 180 days of a plaintiff's filing of an EEOC charge. See Parks v. Bd. of Trustees of Cal. State Univ., 2010 WL 455394, *5 (E.D. Cal. Feb. 3, 2010) (noting that a plaintiff is entitled to a letter when the EEOC fails to bring suit or achieve settlement within 180 days of the plaintiff's filing of her charge); see also Cohen-Breen v. Gray Television Group, Inc., 661 F. Supp. 2d 1158, 1169 (N.D. Cal. 2009) (noting that "because the EEOC did not act upon the allegations in Plaintiff's Amended Charge, Plaintiff was entitled to receive her right-to-sue letter 180 days after filing the Amended Charge").

At the time she filed her Complaint, Rezentes was entitled to a Right-To-Sue letter, as more than 180 days had passed since the filing of her EEOC charge.

                2.      Right-To-Sue Letter and Hawaii
                        Discrimination Law.

Section 378-2 of the Hawaii Revised Statutes makes various discriminatory practices illegal, while section 378-4 gives the Hawaii Civil Rights Commission ("HCRC") "jurisdiction over the subject of discriminatory practices" and allows aggrieved individuals to file complaints with the HCRC "in accordance with the procedure established under chapter 368." Haw. Rev. Stat. § 378-4; see also Haw. Rev. Stat. § 368-11. Section 368-12 allows the HCRC to issue a Right-To-Sue letter. Haw. Rev. Stat. § 368-12 ("Within ninety days after receipt of a notice of right to sue, the complainant may bring a civil action under this chapter").  The Hawaii Supreme Court has held that the legislature's decision to authorize the HCRC to issue a Right-To-Sue notice implies that the receipt of such a notice is a precondition to the bringing of a civil action, at least for violations of chapter 378.  See Ross v. Stouffer Hotel Co. Ltd., Inc., 76 Haw. 454, 460, 879 P.2d 1037, 1043 (1994) ("The logical implication of the legislature's decision to authorize the DLIR to issue a right to sue is that it was a precondition to bringing a civil action for violation of HRS § 378-2; if it were not, the power to issue a right to sue would have been meaningless."); accord Linville v. Hawaii, 874 F. Supp. 1095, 1104 n. 4 (D. Haw. 1994) ("Plaintiff has not presented this Court with notice of any such right-to-sue under H.R.S. §§ 378-2 and 378-62.  Thus,

Plaintiff's claims under these provisions must also be dismissed as premature.").

A plaintiff need not plead exhaustion of administrative remedies with the HCRC.  Rather than a plaintiff's pleading requirement, exhaustion is an affirmative defense to be raised by a defendant.  See Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1224 (D. Haw. 2001) (noting that the defendants had moved to dismiss chapter 378 claims based on the plaintiff's failure to exhaust administrative remedies).  Sears has not moved to dismiss on this ground.  Accordingly, the court need not consider exhaustion.

         3.         The Merits of Rezentes's Discrimination Claims.

As the procedural issue of the Right-To-Sue letters is no impediment to proceeding in this case, the court turns now to the merits of Rezentes's Title VII and state discrimination claims.  To establish a prima facie case of disparate treatment discrimination[2] under Title VII, a plaintiff must show that "(1)

---

[2] Rezentes argues that she does not need to allege a prima facie case of discrimination, but only needs to show that the Complaint gives fair notice of the bases of her claims.  Although Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2001), held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination," a Complaint must state a claim that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. at 569-70.  This requires at least some detail of the events leading to the alleged injury, relevant dates, and at least some of the relevant persons involved with the alleged injury.  Id.  Rezentes's Title VII and Hawaii discrimination claims are sufficient to give Sears and Cox notice of the bases of claims and are plausible on their face.  See Williams v. Boeing Co., 517 F.3d 1120, 1130-31 (9th

she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008); see also Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1123 (9th Cir. 2009).  Similar elements are required under Hawaii law. Furukawa v. Honolulu Zoological Soc., 85 Haw. 7, 14, 936 P.2d 643, 650 (1997)

Sears does not contest the first three elements. As a woman, Rezentes is a member of a protected class. With respect to the second and third elements, Rezentes apparently was qualified for her position, and she was subject to an adverse employment action in the form of being fired. Sears contends only that Rezentes has not satisfied the fourth element relating to more favorable treatment of similarly situated persons. Sears argues first, that Rezentes has not alleged any facts to support this element, and second, that the evidence contradicts the allegations. Neither argument is persuasive.

With respect to this element, the individual or individuals with whom the plaintiff compares herself must be similar in all material respects to the plaintiff. Moran v.

---

Cir. 2008) (noting that the plaintiffs' general allegations that they were discriminated against did not provide notice of the claims); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1124 (9th Cir. 2008).

11

Selig, 447 F.3d 748, 755 (9th Cir. 2006).  Under Hawaii law, "similarly situated employees are those who are subject to the same policies and subordinate to the same decision-maker as the plaintiff."  Furukawa, 85 Haw. at 14, 936 P.2d at 650.  A plaintiff must show that "all of the *relevant aspects*" of his or her employment situation were similar to those employees with whom he seeks to compare his treatment.  Id.  However, "a plaintiff is not obligated to show disparate treatment of an *identically* situated employee."  McGuinness v. Lincoln Hall, 263 F.3d 49, 54 (2d Cir. 2001) (cited approvingly in Selig).  Instead, "individuals are similarly situated when they have similar jobs and display similar conduct."  Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003).

Sears says that Rezentes has failed to allege that a similarly situated male employee was treated more favorably than Rezentes.  Sears concedes that Rezentes alleges that a male coworker in the same position as Rezentes was not fired for having responded to the shoplifting incident and for having reported it in the same manner as Rezentes.  However, Sears appears to be arguing that Rezentes must allege that the coworker acted in exactly the same way as Rezentes on the day the incident took place.  Sears says Rezentes must allege that her coworker followed the suspect when he left the store, positioned himself in front of the suspect to block him, verbally identified himself

as a Sears security officer, and tried to apprehend the suspect.

This court does not take such a cramped view of whether an employee is similarly situated. Rezentes alleges that her coworker controlled the suspect by using the same techniques she had used when she attempted to control him, and reported about the incident in the same manner as she did. Compl. ¶¶ 18, 24. These allegations sufficiently assert that the coworker engaged in similar conduct. Indeed, requiring allegations of completely identical conduct would make it virtually impossible for a plaintiff to bring any discrimination claim, as it would be rare for two individuals to react to an event in exactly the same way.

Sears also argues that Rezentes's discrimination claims fail because the evidence contradicts her allegations that she and the coworker are similarly situated. Sears argues that Rezentes initiated contact with the suspect, a violation of company policy, but stated in her report that she did not initiate contact. Sears says Rezentes was fired because she violated company policy, then lied about it, while her coworker neither violated company policy or lied about his actions. Sears offers a video surveillance tape as proof that Rezentes and her coworker responded differently to the incident.

This court declines to consider the evidence on this motion to dismiss. Although a court may consider "documents incorporated by reference in the complaint," the plaintiff must

either refer extensively to the document, or the document must form the basis of the plaintiff's claim. <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003). The Complaint does not extensively refer to the video surveillance tape, as it only mentions, in one paragraph, that the video supports Rezentes's claims. Additionally, the video does not form the basis of Rezentes's claims. Her claims are based on her assertion that similarly situated male and female Loss Prevention Agents were treated differently. The video is not necessary to establish her claims. <u>See</u> <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005) (discussing cases in which claims depend on documents). On this motion to dismiss, the court declines to consider the video to determine whether Rezentes and her coworker were similarly situated. Accordingly, Counts I and II survive this motion to dismiss.

       B.  Claim IV (Intentional Infliction of Emotional Distress) is <u>Insufficiently Pled.</u>

Rezentes says that Sears and Cox acted wilfully and recklessly by discriminating against her because of her sex and firing her. Compl. ¶ 42. She says that, as a result, she suffered severe emotional distress. <u>Id.</u> Sears argues that her claim is nothing more than a legal conclusion cast in the form of a factual allegation. While Rezentes comes close to alleging an intentional infliction claim, her pleading on this issue does not

withstand the motion to dismiss.

Under Hawaii law, the elements of intentional infliction of emotional distress are: "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another." Enoka v. AIG Hawaii Ins. Co., Inc., 109 Haw. 537, 559, 128 P.3d 850, 872 (2006). Extreme emotional distress constitutes "mental suffering, mental anguish, nervous shock, and other highly unpleasant mental reactions." Id. (internal quotations omitted).

Sears does not contest that Rezentes has sufficiently pled the first three elements. Indeed, Rezentes alleges that Sears and Cox intentionally caused her to be fired, that the firing, under the circumstances, was outrageous, and that the act caused her severe emotional distress. Compl. ¶¶ 22, 42. Sears argues only that the Complaint contains no factual content regarding any extreme emotional distress. Rezentes counters that her bald allegation that she suffered "severe emotional distress" is sufficient. Compl. ¶ 42. The problem is that Rezentes fails to allege the form of her "severe emotional distress." Without more, her allegation that she suffered severe emotional distress appears to be a legal conclusion cast in the form of a factual allegation. See Twombly, 550 U.S. at 555 (noting that the court need not accept as true a legal conclusion couched as a factual

allegation).

In her Opposition, Rezentes says that she has suffered sleeping and eating problems. Even assuming these problems constituted severe emotional distress, this detail, found nowhere in the Complaint, cannot save the present pleading.

   C.  Claim VII (Punitive Damages) is Sufficiently Pled.

Rezentes asserts a punitive damages claim. Rezentes alleges that Defendants have acted wantonly, oppressively, or with malice, and are liable for punitive damages. Sears does not move to dismiss this claim in its motion, arguing in its Reply only that the punitive damages claim is derivative, so that if the court dismisses the other claims, this one should be dismissed as well. Because the court is not dismissing all other claims, the court does not dismiss this claim. A plaintiff may, for instance, recover punitive damages for a Title VII claim committed with malice or reckless indifference to the victim's rights. Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999); 42 U.S.C. § 1981a.

   D.  Amending the Complaint.

Rezentes says she "should be allowed to amend her complaint." Opposition at 20.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of right within 21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b).  Fed. R. Civ. P. 15(a)(1).  Although Defendants have not filed an answer, or any other type of a responsive pleading in this case, they filed a motion to dismiss on February 18, 2010.  Thus, Rezentes is barred from amending her Complaint once as a matter of right.  If she wishes to amend her Complaint, she should file a motion for leave to amend.

V.      CONCLUSION.

The court grants in part the motion to dismiss the complaint.  As Count IV is pled insufficiently, the court grants the motion to dismiss with respect to that claim.  As Counts III, V, and VI have been withdrawn, Counts I, II, and VII remain for further adjudication.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii May 10, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Rezentes v. Sears, Roebuck and Co.; and Michael Cox, Individually, 10-0054; Order Granting in Part Motion to Dismiss Complaint.