IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CARLA REZENTES, | ) | CIV. NO. 10-00054 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART, |
| | ) | DENYING IN PART DEFENDANTS' |
| vs. | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| SEARS, ROEBUCK & CO., a | ) | |
| Foreign Profit Corporation; | ) | |
| MICHAEL COX, Individually; | ) | |
| JANE DOES 1-10; DOE | ) | |
| PARTNERSHIPS 1-20; DOE | ) | |
| CORPORATIONS 1-20; DOE "NON- | ) | |
| PROFIT" CORPORATIONS 1-20; | ) | |
| and DOE GOVERNMENTAL ENTITIES | ) | |
| 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART, DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

        Plaintiff Carla Rezentes ("Rezentes") was employed by

Sears, Roebuck and Company ("Sears") as a Loss Prevention Agent.

Sears fired her.  Sears says it fired her because she lied about

a work-related incident.  Rezentes complains that Sears fired her

not because she lied, but because Sears unlawfully discriminated

against her.  Sears and Michael Cox ("Cox") move for summary

judgment on Rezentes's claims.  This court grants Cox summary

judgment, as there are no viable claims remaining against him,

but denies Sears summary judgment.

II.        STANDARD OF REVIEW.

Summary judgment shall be granted when "the pleadings,

the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c).  One of the principal purposes of

summary judgment is to identify and dispose of factually

unsupported claims and defenses.  Celotex Corp. v. Catrett, 477

U.S. 317, 323-24, (1986).  Accordingly, "[o]nly admissible

evidence may be considered in deciding a motion for summary

judgment."  Miller v. Glenn Miller Prods., Inc., 454 F.3d 975,

988 (9th Cir. 2006).  A moving party has both the initial burden

of production and the ultimate burden of persuasion on a motion

for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz

Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially

falls on the moving party to identify for the court "those

portions of the materials on file that it believes demonstrate

the absence of any genuine issue of material fact."  T.W. Elec.

Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630

(9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord

Miller, 454 F.3d at 987.  "A fact is material if it could affect

the outcome of the suit under the governing substantive law."

Miller, 454 F.3d at 987.

When the moving party meets its initial burden on a

summary judgment motion, the "burden then shifts to the nonmoving

party to establish, beyond the pleadings, that there is a genuine

issue for trial." <u>Miller</u>, 454 F.3d at 987.  This means that the

nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." <u>Matsushita Elec.

Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)

(footnote omitted).  The nonmoving party "must set forth specific

facts showing that there is a genuine issue for trial." <u>Porter

v. Cal. Dep't of Corr.</u>, 419 F.3d 885, 891 (9th Cir. 2005)

(quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,

256,(1986)). "A genuine dispute arises if the evidence is such

that a reasonable jury could return a verdict for the nonmoving

party." <u>California v. Campbell</u>, 319 F.3d 1161, 1166 (9th Cir.

2003); <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir.

2000) ("There must be enough doubt for a 'reasonable trier of

fact' to find for plaintiffs in order to defeat the summary

judgment motion.").

III.    <u>BACKGROUND.</u>

        Rezentes says that, in 2005, she was hired as a Loss

Prevention Agent by Sears.  Rezentes Decl. ¶ 2.  She took leave,

and, in July 2007, was rehired as a Loss Prevention Agent to work

at the Sears Ala Moana store.  Rezentes was the only female Loss

Prevention Agent assigned to that store.  Rezentes Decl. ¶ 3.

After Rezentes had worked at Sears for some time, Michael Cox

3

became her supervisor.  Id. ¶ 4.  According to Rezentes, Cox

refused to give her materials necessary to succeed in her job or

to be eligible for a promotion.  Cox "refused to assign

[Rezentes] to the store product audits . . . refused to provide

[her] with [training materials] necessary for promotion, [and]

refused to even answer [her] requests for promotion."  Id. ¶ 5.

Rezentes states that Cox "commend[ed] the performance of the male

guards with comments as 'good bust', but never said anything

favorable" about her performance.  Id.

On November 9, 2007, at about 2:30 p.m., Rezentes was

assigned to assist in a shoplifting case.  Ex. D, attached to

Defendants' Request for Judicial Notice.  Rezentes says she

followed a suspected shoplifter out of the store, caught up with

him, and moved in front of him to block his path.  Id.  She says

the suspect tried to run away immediately after she identified

herself as a Loss Prevention Agent.  Rezentes Decl. ¶ 13.

Rezentes explains:

> In the process of [the shoplifter's] fleeing,
> I attempted to hamper [the shoplifter's] path
> of travel by blocking his path.  As I tried
> to apprehend him he grabbed my right upper
> inner arm and tried to throw me to the ground
> and I lost my balance.  I then grabbed [the
> shoplifter] by the shirt collar and tried to
> gain control of him while waiting for
> additional back-up.  While attempting to
> restrain [the shoplifter], a scuffle ensued
> causing pain to my left hand, left wrist and
> right knee area.

Ex. D, attached to Defendants' Request for Judicial Notice.

4

Another Loss Prevention Agent, Eli Sot, arrived at the scene and controlled the shoplifter.  Ex. C, attached to Defendants' Request for Judicial Notice.

Shortly after the incident, Rezentes and Sot wrote reports describing what happened.  Exs. C & D, attached to Defendants' Request for Judicial Notice.  Rezentes explains that she attempted to "apprehend" the suspect, and the suspect grabbed her arm.  Ex. D, attached to Defendants' Request for Judicial Notice.  Sot explains:

> During the process of detaining [the shoplifter, the shoplifter] became violent and grabbed REZENTES'S right arm around the bicep.  At that time REZENTES grabbed [the shoplifter] by the shirt collar and a struggle ensued for a few seconds until [the shoplifter] threw REZENTES to the ground.  At that time I, Agent SOT, arrived at the scene and assisted [the shoplifter] to the ground and Loss Prevention Manager Mike Cox arrived on the scene seconds later.

Ex. C, attached to Defendants' Request for Judicial Notice.

Rezentes was on worker's compensation leave through December.  Rezentes Decl. ¶ 31.  Rezentes says that, after she returned to work in January 2008, Cox "continue[d] to make disparaging comments to me including that he never expected to see me return and that he had broken many bones in his body but never sued anybody."  Id.

On January 31, 2008, Sears fired Rezentes.  Id. ¶ 33; Michael Mochizuki Decl. ¶ 4.  Sears fired Rezentes because,

according to Sears, she had lied about the shoplifting incident.

Mochizuki Decl. ¶ 4.   Sears says that, after watching a

surveillance tape depicting the incident, it concluded that

Rezentes had initiated contact with the shoplifter in violation

of company policy.   Id. ¶ 3.   Because "[i]n her incident report

and during the investigation, Rezentes lied about the suspect

assaulting her first," Sears says it concluded that Rezentes had

integrity problems.   Id.   Sot was not disciplined for his actions

on the day of the incident or for any statement in his report.

In January 2010, Rezentes sued Sears and Cox.   Rezentes

originally asserted seven counts in her Complaint.   She has since

withdrawn some counts, and this court has dismissed some, leaving

her with three claims:[1] a sex discrimination claim against Sears

(not Cox) asserting a Title VII violation, a hostile work

environment claim against Sears (not Cox) under Title VII, and a

discrimination claim against Sears (not Cox) under Hawaii law.[2]

While Sears moves for summary judgment on "all

remaining claims" including the sex discrimination claims under

---

[1]Rezentes also asserts a punitive damages "claim," but
Rezentes really appears to seek punitive damages as a part of her
prayer for relief.  A claim for punitive damages is incidental to
a separate cause of action and is not a separate claim.  Thus, to
the extent the Complaint alleges a separate and independent cause
of action for punitive damages, Defendants are granted summary
judgment on that count.  See Lockyer v. Hawaii Pac. Health, 490
F. Supp. 2d 1062, 1088-89 (D. Haw. 2007).

[2]Indeed, there are no claims remaining against Cox.
Accordingly, this court grants Cox summary judgment.

Title VII and Hawaii law, Sears does not argue that it should be granted summary judgment on Rezentes's hostile work environment claim.  That claim remains for future adjudication.  With respect to Rezentes's sex discrimination claims under Hawaii and federal law, Sears argues that Rezentes does not establish a prima facie case of discrimination, and that, even if she does, she does not establish that Sears's reason for firing her was pretexual.

IV.      ANALYSIS.

      A.          Prima Facie Sex Discrimination Claim

Sears argues that Rezentes does not establish a prima facie sex discrimination claim.  This court is not persuaded by Sears.

To establish a prima facie case of disparate treatment discrimination under Title VII a plaintiff must show that "(1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably."  Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008); see also Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1123 (9th Cir. 2009).  Similar elements are required under Hawaii law.  Schefke v. Reliable Coll. Agency, Ltd., 96 Haw. 408, 425, 32 P.3d 52, 69 (2001); Furukawa v. Honolulu Zoological Soc., 85 Haw. 7, 14, 936 P.2d

643, 650 (1997).  The requisite degree of proof to establish a

prima facie case for Title VII on summary judgment is minimal.

Coghlan v. Am. Seafoods Co., LLC, 413 F.3d 1090, 1094 (9th Cir.

2005).

Sears argues only that Rezentes does not establish the

second and fourth elements of her prima facie case--that she was

qualified for the position, and that one or more other employees

who were similarly situated in all material respects were treated

more favorably.

With respect to the second element, Sears argues that

Rezentes was not qualified for her position because she violated

company policy when she allegedly initiated contact with the

shoplifter.  Sears urges this court to conclude that, because

Rezentes allegedly violated company policy on one occasion (the

occasion that allegedly formed the ground for her termination),

she was unqualified.  Sears's argument fails on the present

record.

At this stage of the proceedings, Rezentes satisfies

her "minimal" burden of showing that she was qualified for her

position.  She states that she "had an excellent performance

record" until July 2007.  Rezentes Decl. ¶ 5.  She attaches an

"employee review" from March 2006, when she was an "Asset

Protection Associate," stating that she had an overall score of

3.3 out of 5, a level that Sears does not claim was

unsatisfactory.  Ex. 9, attached to Plaintiff's Concise

Statement.  No party provides documentation or declarations

regarding Rezentes's later work performance.  Sears does not

argue that Rezentes performed poorly.  Sears argues merely that

Rezentes failed to abide by company policy on the one occasion

that resulted in her termination.  Under the circumstances,

Rezentes meets her burden of showing that she was qualified to do

her job.

        Sears fails to show that a single violation of company

policy necessarily means that an employee is unqualified.

Whether Rezentes's alleged violation of company policy

constitutes poor performance is a factual dispute that precludes

summary judgment.  See Brandon v. Rite Aid Corp., Inc., 408 F.

Supp. 2d 964, 976 (E.D. Cal. 2006).  More importantly, Sears's

argument is circular.  That is, in arguing that Rezentes fails to

show that her termination was wrongful by showing, among other

things, that she was qualified for her job, Sears is arguing that

her lack of qualification is evidenced by the very thing that

Sears fired her for doing.  This is problematic given the factual

dispute over whether Rezentes did indeed violate company policy.

        Sears argues next that Rezentes fails to establish the

fourth element of her prima facie case.  Sears says that she has

not shown that a male coworker, Eli Sot, was situated similarly

to her in all material respects and was treated more favorably.

This court disagrees with Sears.

A plaintiff must demonstrate that she is similarly situated to employees that receive more favorable treatment in all material respects.  <u>Moran v. Selig</u>, 447 F.3d 748, 755 (9th Cir. 2006).  However, "a plaintiff is not obligated to show disparate treatment of an *identically* situated employee." <u>McGuinness v. Lincoln Hall</u>, 263 F.3d 49, 54 (2d Cir. 2001) (cited approvingly in <u>Selig</u>).  Instead, "individuals are similarly situated when they have similar jobs and display similar conduct."  <u>Vasquez v. County of Los Angeles</u>, 349 F.3d 634, 641 (9th Cir. 2003); <u>see</u> <u>Hyannis Air Serv., Inc.</u>, 580 F.3d at 1125.

Sears's policy provides the following directions to a Loss Prevention Agent who attempts to stop a shoplifter:

> 1.  Attempt to position yourself facing the subject as you make the stop.
>
> 2.  When making the stop, do not touch the subject.  Be sure to maintain enough distance to avoid injury if the subject strikes out (approximately 3 to 4 feet).
>
> 3.  Present your Loss Prevention ID Card and say, "Excuse me Sir/Mam, I'm with Sears Loss Prevention.  I need to recover the unpaid for merchandise that you have."
>                    . . .
>
> 7.  If the subject attempts to walk away from you or around you, reposition yourself and attempt to convince the subject to come with you by using verbal persuasion and directional hand gestures.
>
> 8.  If the subject runs, order the subject to drop the merchandise, but do not pursue.

Ex. F, attached to Defendants' Concise Statement.  Additionally,

the "Shoplifter Detection and Detention Module" instructs an

employee on how to behave when apprehending the shoplifter.  It

provides:

> 1. The actions of the LP staff can influence
> the behavior of the shoplifter.  LP
> Detectives/Associates must not initiate any
> physical contact with the subject when making
> a detainment.  A shoplifter who is already
> experiencing a high level of anxiety will
> only be elevated or provoked into defending
> themselves if touched while in this state.
>
> 2.  If a subject threatens you with a weapon,
> or if at anytime during the apprehension your
> safety is at risk, let the suspect go.
> Immediately notify your DLPM/LPDC.
>
> 3.  If a subject displays other aggressive
> behavior, move back to a safe distance and
> attempt to calm the subject.  Speak calmly
> and sound confident.  Do not raise your
> voice, as this may further aggravate the
> situation.  Your communication style and how
> you respond to a threat or attack can affect
> the behavior and actions of the subject and
> ultimately your safety.
>
> 4.  If a subject physically attacks you, or
> other customers or Associates, and you cannot
> separate yourself or others from the
> situation verbally, use the least amount of
> force necessary to protect yourself or others
> from injury.  Immediately notify your
> DPLM/LPDC and if appropriate, the police.

Ex. G, attached to Defendants' Concise Statement.

Sears argues that, although Sot held the same position

as Rezentes and reported about the incident in a manner similar

to Rezentes, he was not similarly situated because he "did not

violate company rules regarding apprehending a shoplifter or lie about it in his incident report." Motion at 6. That argument rests on the following conclusions: (1) Rezentes violated company policy; (2) Sot did not violate company policy; (3) Rezentes lied about violating company policy; (4) Sot did not lie. All of these matters are in dispute and cannot be resolved by this court on this summary judgment motion.

Sears relies on a video surveillance tape that shows Rezentes and Sot apprehending the shoplifter to support its conclusion that Rezentes initiated contact and violated policy. The video is grainy, dark, and taped from a distance. The viewer cannot entirely see what occurred because Sears's entry doors and other merchandise partially block the view.

The tape shows that Rezentes approached the shoplifter, the shoplifter moved toward her, and she stood in front of him. She may have tried to block his path. It is unclear what happened next. The shoplifter may have run almost straight at Rezentes, possibly to flee. Somehow Rezentes and the shoplifter became entangled. The video then depicts Sot running to the scene. He appears to tackle the shoplifter to the ground.

Before Rezentes and the shoplifter became entangled, Rezentes appears to have been following company policy. If Rezentes was blocking the shoplifter's path, that was consistent with what the policy directs a Loss Prevention Agent to do. It

is unclear if the shoplifter then ran into Rezentes, so that she could not avoid touching him, or if Rezentes reached out to grab him.  If the former, then it is unlikely that Rezentes violated any company policy, as she may have been "using the least amount of force necessary" to protect herself.  In any event, the tape does not clearly indicate that Rezentes initiated contact with the shoplifter or that Rezentes violated any policy.

Not only is it unclear if Rezentes violated any policy, it is also unclear that Sot followed the policy.  Sears says that Sot followed the policy because he used the least amount of force necessary to protect himself and others.  But the video depicts Sot tackling the shoplifter.  If the goal was to use the least amount of force (rather than to catch the shoplifter), Sot arguably should have pulled Rezentes away.  Tackling a shoplifter and pushing him to the ground might not have been the least forceful way to act.  Thus, Sot might have violated company policy.

Finally, it is unclear that anyone lied about the incident.  If Rezentes did not violate company policy (i.e., if she did not initiate contact with the shoplifter), then she also did not lie on the report when she said that she did not initiate contact.  Sot's report could also be construed as saying that Rezentes did not initiate contact.  However, if Rezentes did initiate contact, then both Rezentes and Sot may have lied.  If

Sot did lie but was not fired, then he was a similarly situated employee who was treated more favorably than Rezentes.

This court concludes that Rezentes establishes a prima facie case of discrimination under Title VII.  She is a member of a protected class, she was allegedly qualified for her position, she was subject to an adverse employment action (termination), and a male coworker who may have been similarly situated was not fired even though he at least arguably took similar action.  That is sufficient to establish a prima facie case.

     B.    Legitimate, Nondiscriminatory Reason

Sears argues that, even if Rezentes makes out a prima facie case of discrimination, Sears had a legitimate, nondiscriminatory reason to terminate her.  Sears says that it fired her because she violated company rules, then lied about it. This court agrees with Sears that firing an employee out of honesty concerns is a legitimate, nondiscriminatory reason.

If a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002) (quotations omitted).  "[T]he defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the

14

cause of the employment action."  St. Mary's Honor Ctr. v. Hicks,

509 U.S. 502, 507 (1993) (quotations omitted).  This is merely a

burden of production, not proof, as the ultimate burden of

persuasion resides with the employee.  St. Mary's, 509 U.S. at

508; Villiarimo, 281 F.3d at 1062.  The burden is also minimal,

as the employer need only articulate, not prove, reasons for its

actions.  Bd. of Trs. of Keene State Coll. v. Sweeney, 439 U.S.

24, 25 & n.2 (1978).  It need not prove a nondiscriminatory

intent.  Id. at 25 n.2.  And courts "only require that an

employer honestly believed its reason for its actions, even if

its reason is foolish or trivial or even baseless."  Villiarimo,

281 F.3d at 1062 (internal quotation marks omitted).

Sears may have "honestly believed" that Rezentes

violated company policy and then lied about her actions.  Firing

an employee because of honesty and integrity concerns is a

legitimate, nondiscriminatory reason for a termination.

Accordingly, Sears's satisfies its "minimal" burden of

articulating a legitimate reason for its action.

C.        Pretext

Sears argues that Rezentes has not established the

third prong, namely that Sears's legitimate reason for firing her

was pretextual.  This court finds a triable issue on this

subject.

If an employer meets its burden of production, the

burden then shifts to the employee to prove that the employer's explanation was merely a pretext to conceal discriminatory conduct.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973); Villiarimo, 281 F.3d at 1062.  An employee's burden at this step is to prove pretext by a preponderance of the evidence. Reeves v. Sanderson Plumbing Prods., Inc, 530 U.S. 133, 143 (2000).  An employee must "raise a genuine factual question whether, viewing the evidence in the light most favorable to [the employee], [the employer's] reasons are pretextual."  Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1126 (9th Cir. 2000).   An employee may meet this burden by directly showing the employer was more likely motivated by discriminatory intent or indirectly showing the employer's explanation is unworthy of credence.  Reeves, 530 U.S. at 143; Villiarimo, 281 F.3d at 1062. "Although a plaintiff may rely on circumstantial evidence to show pretext, such evidence must be both specific and substantial." Villiarimo, 281 F.3d at 1062.

Rezentes says that Sears's reason for firing her is pretextual because Sears did not conduct an investigation, and it is unclear whether Rezentes violated company policy.  Disputed factual questions prevent this court from resolving this on the present record.

It is unclear why Sears, if it was not in the midst of an investigation, took almost three months to fire someone for

violating company policy and lying about it.   If Rezentes did

indeed violate policy, or was deemed to have been dishonest,

immediate termination would have been reasonable.   This court

concludes that there is a genuine dispute as to whether the

reason articulated by Sears for firing her was mere pretext.

D.            Rezentes's Motion for a Continuance

As an alternative to the denial of the motion for

summary judgment, Rezentes requests a continuance under Rule

56(f) of the Federal Rules of Civil Procedure.   Opposition at 19-

20.   The Ninth Circuit states:

> Under Fed. R. Civ. P. 56(f) of the Federal
> Rules of Civil Procedure, a trial court may
> order a continuance on a motion for summary
> judgment if the party requesting a
> continuance submits affidavits showing that,
> without Rule 56 assistance, it cannot present
> facts necessary to justify its claims.   The
> requesting party must show: (1) it has set
> forth in affidavit form the specific facts it
> hopes to elicit from further discovery; (2)
> the facts sought exist; and (3) the
> sought-after facts are essential to oppose
> summary judgment.

Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525

F.3d 822, 827 (9th Cir. 2008) (citations omitted).

Rezentes's counsel declares that he seeks to depose

Mochizuki (the individual who conducted Rezentes's termination

interview), Sot, and others.   Withy Decl. ¶ 2.   He says that

these depositions "are necessary to determine who and why someone

suddenly made the decision to review the video tapes and fire

17

Plaintiff three months after the incident, whether any investigation was done, and what the normal procedures would be." Id.  Quite apart from the failure of these statements to satisfy Rule 56(f), the request for a continuance is moot, given the denial of the motion for summary judgment.

E.        Request for Judicial Notice

Finally, Sears asks this court to take judicial notice of Rezentes's original Complaint and the declaration of Sears's Loss Prevention Manager.  This court denies the request.

Rule 201 of the Federal Rules of Evidence "permits a court to take judicial notice of adjudicative facts not subject to reasonable dispute."  United States v. Chapel, 41 F.3d 1338, 1342 (9th Cir. 1994).  "Adjudicative facts are simply the facts of the particular case."  Advisory Committee Notes to Fed. R. Evid. 201.  A court may also take judicial notice of undisputed "matters of public record."  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  A court may take judicial notice of a public record not for the truth of the facts recited therein, but for the existence of the document.  Id. at 690.  However, this court has stated, "Judicial notice of adjudicative facts must be approached cautiously because it dispenses 'with traditional methods of proof' and removes the fact noticed from the province of the jury."  United States v. Jaimes, 297 F. Supp. 2d 1254, 1256 (D. Haw. 2003) (citing Fed. R. Evid. 201, advisory

committee notes to subdivision (b)).  Accordingly, judicial notice is appropriate only when the matter is established "beyond reasonable controversy," <u>Lee</u>, 250 F.3d at 690, or is a fact "beyond reasonable dispute," <u>Jaimes</u>, 297 F. Supp. 2d at 1256.

This court does not understand why Sears asks this court to take judicial notice of Rezentes's Complaint or a declaration.  If the court took such notice, it would only notice the existence of the documents, not notice any facts asserted in the documents as true.  What is puzzling is that the documents could have been referred to or attached to the moving papers without judicial notice.  Having no reason to take judicial notice, this court denies the request.

V.        <u>CONCLUSION.</u>

This court denies Sears's motion for summary judgment and its request for judicial notice.  This court grants Cox's motion for summary judgment.  Rezentes's request to continue the motion is denied as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii July 30, 2010



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

Rezentes v. Sears, Roebuck and Co.; and Michael Cox, Individually, 10-0054; Order Granting in Part, Denying in Part Defendants' Motion for Summary Judgment.