IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARLA REZENTES, | CIV. NO. 10-00054 SOM/KSC |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| SEARS, ROEBUCK & CO., a Foreign Profit Corporation; MICHAEL COX, Individually; JANE DOES 1-10; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE "NON-PROFIT" CORPORATIONS 1-20; and DOE GOVERNMENTAL ENTITIES 1-20, | |
| Defendants. | |

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.      INTRODUCTION.

Plaintiff Carla Rezentes ("Rezentes") was employed by Sears, Roebuck and Company ("Sears") as a Loss Prevention Agent from July 2007 until she was fired in January 2008. She then filed suit, alleging gender discrimination, including disparate treatment and a hostile work environment, in violation of Title VII of the Civil Rights Act. Before the court is Sears's second motion for summary judgment. Sears argues that it is entitled to partial summary judgment on Rezentes's hostile work environment claim because Rezentes failed to exhaust her administrative remedies. The court denies Sears's motion.

II.       STANDARD OF REVIEW.

Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, (1986). Accordingly, "[o]nly admissible evidence may be considered in deciding a motion for summary judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006). A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987. "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987. If a party fails to meet this initial burden of production, the motion will

2

be denied.  Nissan Fire & Marine Ins. Co., 210 F.3d at 1102-03.

Pursuant to Local Rule 7.2(d), the court finds that a hearing on this matter is neither necessary nor appropriate.

III.   BACKGROUND.

    A.   Factual Background.

        1.   Scope of Rezentes's claims in this lawsuit.

Rezentes was hired by Sears as a loss prevention agent in July 2007.  First Amended Compl. ("FAC") ¶ 9.  She was the only woman of the seven loss prevention agents .  FAC ¶ 10.  Rezentes alleges that Michael Cox became her direct supervisor and "began discriminating against her due to her gender in job assignments, performance comments and would treat Plaintiff differently than the male agents, including essentially ignoring her, failing to answer her phone calls, withdrawing prior training and promotional opportunities."  FAC ¶ 11.

On November 9, 2007, Rezentes and a male partner assisted in a shoplifting case.  FAC ¶¶ 13, 25.  Plaintiff was injured while attempting to stop the shoplifter and took a leave from work because of these injuries until January 2, 2008.  FAC ¶ 19.

Rezentes says that, after she returned to work, "she felt tension and harassment by her supervisor [Michael] COX, who made comments that he had broken many bones and never sued anyone."  FAC ¶ 21.  Rezentes says that Cox would not respond to

her calls, even though he was responsive to the other guards. Decl. of Carla Rezentes ("Rezentes Oct. 2010 Decl.") ¶ 6, attached as Exh. 1 to Pl.'s Separate Concise Stmt. of Facts, ECF No. 63.  Cox allegedly prepared a contact list of staff and left her off the list.  Id. ¶ 8.  Cox also allegedly unplugged her monitor while she was working with a police officer on a case so that she could not do her work.  Id. ¶ 9.

On January 31, 2008, Sears fired Rezentes.  FAC ¶ 22. Rezentes says Sears told her she was fired because she had mishandled the shoplifting incident in November 2007.  FAC ¶¶ 22-23.  According to Rezentes, Cox followed her around the office and laughed at her as he fired her.  Rezentes Oct. 2010 Decl. ¶ 10.  Rezentes alleges that she did nothing wrong during the incident, and that Sears discriminated against her by firing her while not disciplining her male partner.  FAC ¶¶ 25, 27.

### 2. Rezentes's Formal EEOC Charge.

In early November 2008, Rezentes filed a formal claim with the Equal Employment Opportunity Commission ("EEOC").  See Decl. of Jocelyne A. Hiltz ("Hiltz Decl.") ¶ 3 & Exh. 1 ("Rezentes EEOC Decl."), ECF No. 63.  The EEOC charge is stamped "received" with a date of November 6, 2008.  See id.  Despite the stamped date, Rezentes offers evidence that the charge was received by the EEOC during business hours on November 5, 2008, the day before.  Hiltz Decl. ¶¶ 3-8 & Exhs. 1-3.

The charge lists the "Earliest Date of Violation" as November 2, 2007, and the "Latest Date of Violation" as January 31, 2008. Rezentes EEOC Decl. at 1. The charge alleges that Michael Cox "began discriminating against me due to my gender in job assignments, performance comments, and in other ways where he would treat me differently than the male agents." Id. The charge discusses the November 9, 2007, shoplifting incident and Rezentes's difficulty in obtaining worker's compensation when she went on leave. Id. at 2. Rezentes alleges that, following her return to work in January 2008, "I felt tension and harassment by my supervisor, and comments were made that I was the last person they expected to see sitting at the desk and I (Michael Cox) broke many bones and never sued anyone." Id. Rezentes states that she was fired on January 31, 2008. Id.

Rezentes also supplied the EEOC with a complaint she had filed with the Hawaii Department of Labor on May 12, 2008. See Declaration of G. Todd Withy ("Withy Decl.") Exh. 4 ("Compl. Form WSD-1.378 III"), ECF No. 63. In the Department of Labor complaint, Rezentes notes that Cox laughed at her while firing her. Id. at 2.

    B.    <u>Procedural History.</u>

Rezentes filed her complaint in the present action on January 28, 2010. ECF No. 1. After initial motion practice, the court dismissed Rezentes's claim for intentional infliction of

emotional distress, and Rezentes sought leave to file an amended complaint.  See Order Granting in Part Defs.' Mot. To Dismiss Compl., May 10, 2010, ECF No. 22; Motion for Leave to File Amended Complaint, June 15, 2010, ECF No. 35.  Sears and Defendant Michael Cox moved for summary judgment on Rezentes's disparate treatment claim on May 25, 2010.  ECF No. 27.  The court denied Sears's motion on July 30, 2010, but granted Cox's motion.  ECF No. 53.  On the same day, Sears filed the present motion for summary judgment, this time challenging Rezentes's hostile environment claim.  ECF No. 51.

On August 2, 2010, the court granted Rezentes's motion to amend the complaint, and Rezentes filed the FAC on the same day.  See ECF Nos. 55, 57.  The FAC does not alter the allegations as to Rezentes's Title VII cause of action.  Compare Compl. ¶¶ 28-32 with FAC ¶¶ 29-33.  The FAC alleges causes of action for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and a common law claim of intentional infliction of emotional distress.  FAC ¶¶ 29-39.

IV.      ANALYSIS.

Sears argues that it is entitled to summary judgment on Rezentes's hostile work environment claim because Rezentes did not exhaust this claim with the EEOC, as she is required to do. According to Sears, the charge "alleges only discrete acts of discrimination that would not put the agency on notice of a

hostile work environment." Mot. at 1.  Sears also argues that the claim is time-barred because no discriminatory acts occurred during the relevant timeframe.  Mot. at 6.  The court denies Sears's motion.

        A.    The Hostile Work Environment Claim is Reasonably Related to Rezentes's Allegations to the EEOC.

A Title VII plaintiff must first exhaust his or her administrative remedies with the EEOC.  See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002); see also Vasquez v. County of L.A., 349 F.3d 634, 645-46 (9th Cir. 2003). "Allegations of discrimination not included in the plaintiff's administrative charge 'may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.'" B.K.B., 276 F.3d at 1100 (quoting Green v. L.A. County Superintendent of Schs., 883 F.2d 1472, 1475-76 (9th Cir. 1989)).  The court may entertain "all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge."  Vasquez, 349 F.3d at 644.  For the defendant, this requirement invokes principles of notice and fair play.  Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002).

In determining whether a plaintiff's claims are sufficiently "like or reasonably related to" the allegations in

7

her administrative charge for exhaustion purposes, a court may "consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." See B.K.B., 276 F.3d at 1100. The court also considers whether the "plaintiff's civil claims . . . are consistent with the plaintiff's original theory of the case." Id. Allegations in the EEOC charge are construed "with utmost liberality," as they are typically made by those unfamiliar with formal pleading requirements. Id.

Sears asserts that the EEOC charge "alleges only discrete acts of discrimination that do not put the EEO investigator on notice that Plaintiff was subject to verbal or physical conduct based on her sex (female)." Mot. at 4. Sears further alleges that the EEOC charge does not put the EEO investigator on notice "that the conduct was sufficiently severe or pervasive to create an abusive working environment." Id. These assertions constitute the entirety of Sears's analysis on this point. Sears does not establish that it is entitled to summary judgment on exhaustion grounds because it neither discusses the EEOC's investigation nor addresses any of the factors set forth above. See T.W. Elec. Serv., Inc., 809 F.2d at 630. Sears fails to persuade the court that, as a matter of law,

the administrative charge allegations are not "like or reasonably related to" the claims asserted in this action.

Sears appears to believe that the claim is not exhausted because the allegations in the EEOC charge are insufficient to show a hostile work environment.  This issue goes to the merits of Rezentes's claim, a question not presently before the court.  The question now before the court is whether Rezentes has exhausted her administrative remedies as to her claim of a hostile work environment.  Because the EEOC charge is reasonably related to the allegations on this point in the FAC, the court determines that Rezentes has exhausted her administrative remedies.

In any event, Rezentes's hostile work environment claim is consistent with the allegations in her administrative charge. The EEOC Declaration alleges discrimination by Sears and Michael Cox between November 9, 2007, and January 31, 2008.  Rezentes EEOC Decl. at 1.  This is approximately the same period covered by Rezentes's hostile work environment claim.  Compare Rezentes EEOC Decl. at 1 (alleging an "earliest date" of November 9, 2007 and a "latest date" of January 31, 2008) with FAC ¶¶ 9, 11, 20-22 (alleging that Rezentes was hired in July 2007, that Cox subsequently became Rezentes's manager and "began discriminating against her due to her gender" in various ways, and that she was ultimately fired on January 31, 2008).  Rezentes alleges that the

same actors--Cox, and, by extension, Sears--subjected Rezentes both to disparate treatment and a hostile work environment because of her gender.  See EEOC Decl. at 1-2; FAC ¶¶ 11, 21, 28, 30-32.  And Rezentes's claim of a work environment hostile to women is consistent with her original theory that she was ultimately fired for being a woman.  Indeed, Rezentes's FAC contains much of the same language as her EEOC charge with respect to the allegations of objectionable conduct.  Compare Rezentes EEOC Decl. at 1 with FAC ¶ 11 (both alleging that Cox treated Rezentes differently than the male loss prevention agents in job assignments and performance comments). Compare also Rezentes EEOC Decl. at 2 with FAC ¶ 21 (both alleging tension and harassment from Cox, including comment regarding having broken many bones without needing to sue over it).

It is therefore reasonable that the EEOC, upon receipt of Rezentes's charge, would not simply have investigated Sears's handling of the "discrete acts of discrimination," but would also have examined Rezentes's work environment.  Cf. Gibbs v. Pierce County Law Enforcement Support Agency, 785 F.2d 1396, 1400 (9th Cir. 1986) (holding that although plaintiffs' EEOC charge did not include the claims underlying their "principal litigation theory," they had met the exhaustion requirement because these claims would have been within the scope of a "reasonably thorough investigation").  Sears is not entitled to summary judgment on

this ground.

        B.    Sears Fails to Establish That Rezentes's Hostile Work Environment Claim Was Untimely as a Matter of Law.

Sears also fails to establish it is entitled to summary judgment on the ground that Rezentes's claim is untimely. The hostile work environment claim is based on many acts, and Sears fails to demonstrate that there is no triable issue of fact as to whether any acts constituting a hostile work environment occurred during the statutory period.

A gender-based Title VII hostile work environment action does not require that the harassing behavior be either of a sexual nature or motivated by sexual animus but can be a pattern of abuse directed at women. EEOC v. Nat'l Educ. Ass'n, Ala., 422 F.3d 840, 845 (9th Cir. 2005). The main inquiry is whether the defendant's treatment of women differed sufficiently in quality and quantity from his or her treatment of men. EEOC, 422 F.3d at 844. Here, Rezentes contends that a series of acts by her supervisor, taken together, created a hostile work environment.

A person who has initially instituted proceedings with a state or local agency and wishes to bring a claim alleging a hostile work environment must file her claim with the EEOC within 300 days of at least one act "contributing to that hostile environment." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S.

101, 104 (2002); see 42 U.S.C. § 2000e-5(e)(1).  Rezentes's testimony establishes that at least one incident occurred during that timeframe.  According to Rezentes, on or after January 10, 2008:  Cox made disparaging remarks, including informing Rezentes that he broken many bones and never sued over it; Cox would not respond to her calls, even though he was responsive to the other guards; Cox made up a contact list of staff and left her off the list; Cox unplugged her monitor while she was working with a police officer on a case so that she could not do her work; and Cox followed her around and laughed at her on the day he fired her.  Rezentes Oct. 2010 Decl. ¶¶ 6-9.[1]

Again, the court recognizes that Sears considers the charge untimely because, in its view, none of these acts contributed to a hostile work environment.  However, Sears has moved for summary judgment not on the merits of this claim, but on the ground of exhaustion of administrative remedies.  The court cannot say that, as a matter of law, none of the acts above

---

[1] Some of these events occurred on January 10, 2008.  Sears asserts that the statutory period began on January 11, 2008, based on the file stamp date of November 6, 2008, on the EEOC complaint.  Mot. at 6.  However, Rezentes's evidence regarding steps she took to file the charge on November 5, 2008 raises a genuine issue of material fact as to whether the relevant statutory date is January 10, 2008, or January 11, 2008.  This disputed issue of fact may not be resolved by the court on a motion for summary judgment.  Cf. Brathwaite v. Vance Fed. Sec. Servs., Inc., 613 F. Supp. 2d 38, 45-46 (D.D.C. 2009) (contradictory evidence regarding date plaintiff submitted EEOC charge precluded summary judgment on grounds of untimeliness).

could have contributed to a hostile work environment claim within the statutory time period.  Accordingly, Sears is not entitled to summary judgment on the ground that the EEOC charge was untimely.

V.      CONCLUSION.

For the reasons set forth above, Sears's motion for summary judgment is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 22, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Rezentes v. Sears, Roebuck and Co., Civ. No. 10-0054; Order Denying Defendant's Motion for Summary Judgment.